UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Alya Shafik,<br><br>   Plaintiff,<br>v.<br><br>AmSher Collection Services, Inc.,<br><br>   Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of Defendant's violations the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Minnesota state law.

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

## PARTIES

3. Plaintiff Alya Shafik (hereinafter "Plaintiff") is a natural person who resides in the State of Minnesota and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant AmSher Collection Services, Inc. (hereinafter "Defendant") is a debt collection company located at 600 Beacon Parkway West, Suite 300, Birmingham, Alabama 35209. Defendant regularly collects or attempts to collect consumer debt in the District of Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTUAL ALLEGATIONS**

5. Prior to the commencement of this lawsuit, Plaintiff purchased telecommunication services from non-party T-Mobile International AG ("T-Mobile").

6. This alleged debt was obtained for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. On February 22, 2013, Plaintiff contacted T-Mobile by telephone to notify it that she was canceling her account.

8. Despite T-Mobile's insistence that Plaintiff keep her account, Plaintiff requested that the account be canceled on February 22, 2013.

9. In April of 2013, Plaintiff discovered that her T-Mobile account had not been canceled as she had requested when she received a bill for charges during the month of March.

10. Plaintiff disputed the validity of the improper charges through a letter mailed to T-Mobile on April 12, 2013.

11. The April 12, 2013 dispute letter states in clear language that Plaintiff disputed the validity of the charges that were placed on her account following the termination of her T-Mobile's services on February 22.

12. The disputed charges resulted in a balance owed of $43.00.

13. On or around this time, T-Mobile assigned, transferred, or sold the alleged debt to Defendant – or otherwise employed Defendant – to initiate debt collection efforts on its behalf.

14. Upon information and belief, T-Mobile communicated to Defendant that the alleged debt had been disputed.

15. Defendant's initial communication with Plaintiff was conducted by telephone on or about July 17, 2013.

16. During the initial telephone conversation, Plaintiff informed Defendant that she was disputing the validity of the T-Mobile debt, pursuant to her rights under 15 U.S.C. § 1692g.

17. Plaintiff repeated the facts of her dispute to Defendant as it was stated in her February 22 letter to T-Mobile.

18. Plaintiff received no further communications initiated by Defendant.

19. In August of 2013, Defendant reported to credit reporting agencies under the tradeline "AMSHER COLLECTION SERV" Acct # 1364XXXX that the present status of Plaintiff's account was past due.

20. Despite being informed that the debt was disputed, Defendant failed to communicate to the credit reporting agencies that the debt was disputed, in violation of 15 U.S.C. § 1692e(8).

21. In October of 2013, Defendant again reported to credit reporting agencies that Plaintiff's account was past due and failed to indicate that the debt was lawfully disputed, in violation of 15 U.S.C. § 1692e(8).

22. When Plaintiff discovered that erroneous information was being reported by Defendant to her credit profile, Plaintiff contacted Defendant and again notified it that she had disputed the debt and that the inaccurate tradeline should be corrected.

23. Defendant refused to correct the tradeline and falsely stated that there was nothing it could do unless T-Mobile reported the alleged debt as disputed.

24. Upon information and belief, as the furnisher of the credit information for the tradeline "AMSHER COLLECTION SERV," Defendant had the capacity to correct the inaccurate tradeline.

25. Defendant's representation that it could not remedy the inaccurate tradeline was false and misleading and therefore in violation of 15 U.S.C. §§ 1692e and 1692f.

26. Plaintiff has diligently and responsibly maintained her credit over the last ten years.

27. Plaintiff is currently in the process of looking for a new home and Defendant's false credit information has adversely impacted her credit score, impairing her ability to acquire financing.

28. As a result of Defendant's unlawful actions, Plaintiff has suffered actual damages in the form of emotional distress, mental anguish, loss of sleep, and anxiety.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7; Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
15 U.S.C. § 1692 et seq.**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the several provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.* cited above.

32. Defendant's failure to inform credit reporting agencies that the alleged debt with T-Mobile was lawfully disputed was in violation of 15 U.S.C. § 1692e(8).

33. Defendant's false and misleading representations that it could not remedy the inaccurate tradeline was in violation of 15 U.S.C. § 1692e.

34. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.
## CREDIT DEFAMATION

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant maliciously communicated to credit reporting agencies that Plaintiff owed a debt that was in collections, without indicating that said debt was disputed, when it knew or should have known that the debt had been lawfully disputed.

37. Defendant's false communications, acts and omissions, resulted in defamation of Plaintiff and her credit profile.

38. Defendant's false communications, acts and omissions, resulted in harm to Plaintiff's reputation.

39. Defendant's false communications, acts and omissions, were the type that would and/or did deter third persons from associating or dealing with Plaintiff.

40. Defendant's false communications, acts and omissions, were the type that would injure Plaintiff's character, or subject her to ridicule, contempt, distrust, or would degrade her in the eyes of another.

41. Plaintiff has suffered serious damage in the form of economic loss, damage to her credit profile, emotional anguish, costs, and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray that judgment be entered against Defendant for:

- actual damages, statutory damages, and costs and attorney's fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a) in an amount to be determined at trial;
- actual damages, costs, and attorney's fees for credit defamation in an amount to be determined at trial;
- for such other and further relief as may be just and proper.

Dated this 28 of February, 2014.          Respectfully submitted,

By: s/Thomas J. Lyons Jr._____
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907

-7-

tommycjc@aol.com

**ATTORNEY FOR PLAINTIFF**

-8-

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA    )
                                           ) ss
COUNTY OF _____  )

Alya Shafik, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Alya Shafik
Alya Shafik

Subscribed and sworn to before me
this 26 day of February, 2014.

s/Stacy Jo Hanson
Notary Public